73,074-05

February. 24, 2015

Cheecko Gilbert
TDCJ-CID No.
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

Re: Writ No. WR-73,086-01
    Order from the Court of Criminal Appeals

Ms. ABEL Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Capitol Station
Austin, Texas 78711

Dear Ms. Pearson
Please find a copy of the "Relator's Petition for Writ of Mandamus, please file this instrument with the Court and notify me of the date of receipt and filing. Thank you for your kind help and attention in this matter.

Sincerely,
Cheecko Gilbert
Cheecko Gilbert

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

WRIT NO. 73,076-01

IN THE

COURT OF

CRIMINAL APPEALS

IN RE CHEECKO GILBERT
Relator

From the 354th Judicial District
Court of Hunt County, Texas

## RELATOR'S PETITION FOR WRIT OF MANDAMUS

Cheecko Gilbert
TDCJ-CID No.
Pro Se Litigant
3872 FM 350 South
Livingston, Texas 77351

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . III - VII

STATEMENT OF THE CASE . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . 2

ISSUES PRESENTED . . . . . . . 2-3

STATEMENT OF FACTS . . . . . . . . 3-4

ARGUMENT

Issue 1: Judge Beacom abused his discretion when he . . 6 stated that the Relator "showed no signs of mental illness to the court or to his trial counsel;

Issue 2: Judge Beacom abused his discretion as the "gate- . 8 keeper" of evidence, and had a responsibility to request and also present court documents, records of court ordered commitments (3 or 4 commitments orders in numbers) to Mental Health Mental Retardation Institutions;

Issue 3: Judge Beacom has acted in a partial way toward . 11 the Relators appeal, and with purpose to cause harm to the Relator, and to undermine the appellate process by impeding information of his

II.

personal recollection and records in the making of his findings and conclusions to the Court of Criminal Appeals order to the Respondent, to have a hearing on the Competency or mental health of the Relator.

PRAYER . . . . . . . . . . . . . . . . 14-15

APPENDIX . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . 15

II.

# INDEX OF AUTHORITIES

## CASES

Brady v. Maryland
  373 U.S. 83, 83 S.Ct 1194, 10 L.Ed. 2d 215 (1963) . . 13

Buntion 827 Sw2d at 949 . . . . . . . . . .7

Daubert v. Merrell Dow Pharmaceuticals . . . . . .8

Dickens v. Second Court of Appeals
  727 Sw2d 542, 549 (Tex. Crim. App. 1987) . . . . . .6

Ford v. State 305 Sw3d 530, 535 (Tex Crim App. 2009) . . .9

Ex Parte Maldonado 688 Sw2d 114, 116 (Tex. Crim App. 1985) . 13

Ex Parte Morrow 952 Sw2d 530, 539 (Tex. Crim. App. 1997) . . 13

Ex Parte Kimos 827 Sw2d 700, 703 (Tex. Crim App. 1993) . . . 13

Ex Parte Richardson 70 Sw3d 865, 870 (Tex. Crim App. 2002) . 13

Ex Parte Thomas 906 Sw2d 22, 24 (Tex. Crim App. 1995) . . 13

Ford v. State 305 Sw3d 530, 535 (Tex. Crim. App 2009) . . 9

# INDEX OF AUTHORITIES (CONT.)

## CASES

Gilbert v. State No. 05-08-00482-CR (Delivered February 17, 2009) . . . . . . . . . . . . . . . . . . 4

GOODE, Wellborn & Sharlot . . . . . . . . . . . 5

Hartman v. State, 946 SW2d 60, 62 (Tex. Crim. App. 1997) . 9

Hey v. Hughes 158 Tex. 362, 311 SW2d 648, 652 (1958) (orig. proceeding) . . . . . . . . . . . . . . . 12

Hill v. Court of Appeals for Fifth Dist.
34 SW3d at 929 (Tex. Crim. App. 2001) . . 7-13

Hollway v. Fifth Court of Appeals
767 SW2d 680, 684 (Tex. 1989) . . . . . . . . 11

Johnson v. Fourth Court of Appeals
700 SW2d 916, 917 (Tex. 1985) . . . . . . 11-12

Kilroy v. Kilroy 137 SW3d 780, 784 (Tex. App.—Houston [1st Dist.] 2004. 12

Moreno 22 SW3d at 487 . . . . . . . . . . . . 14

Kotteakos v. United States 328 U.S. 750, 776 (1946) . . 9

# INDEX OF AUTHORITIES (CONT.)

## CASES

Randle v. State 826 SW2d at 946 (Tex Cr. App. 1992) . 12

Resendiz v. State 112 SW3d 541,546 (Tex. Crim App. 2003) . 14

Routier 273 SW3d 241, 244 . . . . . . . . . . 5

Salazar 38 SW3d at 151 . . . . . . . . . . . 14

Smith v. Gohmert 962 SW2d 590, 592 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . 7

Sparkman v. Maxwell 519 SW2d 852, 855 (Tex. 1975) . . 5

State Ex. Rel. Healey v. Mc Means
884 SW2d 772, 775 (Tex. Crim. App. 1994) . . . . . 10

State Ex. Rel. Rosenthal v. Poe
98 SW3d 194, 198 (Tex. Crim. App. 2003) . . 7-12

Storts v. Wisser 894 SW2d 366, 367 (Tex. Crim App. 1995) . 6

United States v. Bagley
473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed 2d. 481(1985) . 13

United States v. Dominguez Benitez, 542 U.S. 74, 81 (2004) . . 9

V.

# INDEX OF AUTHORITIES (Cont.)

## CASES

United States v. Nixon
    418 U.S. 683, 94 S. Ct. 3090, 41 L.Ed.2d 1039 (1974) 10

Walker v. Packer 827 SW2d 833, 842 (Tex. 1992) . . 12

Walter 247 S.W3d at 218 . . . . . . . . . . . . 9

Watkins 245 SW3d 444, 456 (Tex. Crim. App. 2008) . . 5

## STATUTES

Tex. Code Crim. Proc.
    Article 2.03(d) . . . . . . . . . . . . . 12
    Article 26.04 . . . . . . . . . . . . . . 4
    Article 11.07 section 3(d) . . . . . . . . . 4
    Article 46B.007 . . . . . . . . . . . . . 6

Tex. R. App. Proc.
    Rule 72 . . . . . . . . . . . . . . . . 2
    Rule 78.1 . . . . . . . . . . . . . . . 2
    Rule 78.3 . . . . . . . . . . . . . . . 2

Tex. R. Evid.
    Rule 510(b) . . . . . . . . . . . . . . 8
    Rule 510 (a)(1)(B) & . . . . . . . . . . . 6

# INDEX OF AUTHORITIES (cont)

## STATUTES

Tex. R. Evid.
    Rule 510 (d) (4) . . . . . . . . . . . . . . . 6
    Rule 401 . . . . . . . . . . . . . . . . . 14
    Rule 201 . . . . . . . . . . . . . . . . 6
    Rule 104 (a) . . . . . . . . . . . . . . . 9

Fed. Rule 702 . . . . . . . . . . . . . . . 8

Fed. Rule 104 (a) . . . . . . . . . . . . . 9

## CONSTITUTION

U. S. Const. art. II . . . . . . . . . . . . . 10

# WRIT NO. 73,076-01

# IN RE CHEEKO GILBERT
## Relator

# RELATOR'S PETITION FOR WRIT OF MANDAMUS

Relator Gilbert, submits this petition for writ of mandamus complaining of the Honorable Judge Richard A. Beacom Jr., presiding judge of the 354th Judicial District Court of Hunt County, Texas. For clarity, relator is referred to as Gilbert; respondent is the Honorable Judge Richard A. Beacom Jr. is referred to by name.

## STATEMENT OF THE CASE

Relator Gilbert filed an art. 11.07 Writ of Habeas Corpus as a result of a guilty verdict rendered by a jury in a trial for aggravated assault with a deadly weapon, and he was sentenced to forty (40) years in the Texas Department of Criminal Justice - Correctional Institutional Division. The Court of criminal appeals order the trial court to do a findings of facts on the claims in the Relator's writ of habeas corpus brief, because the Relator had alleged some claims that would entittle him the relief that he seek, if they are true.

Respondent Judge Beacom failed to use his recollection of having the Relator committed to a mental health institution, and that the Relator had been committed at least three (3) seperate occasions by a court order to three different mental health institution in which the trial judge had knowledge of these court orders, since he was one of the judges that had

-1.-

the Relator committed from this court and this county.

The Respondent Judge Beacom failed to use his ~~recall~~ recollection and order the mental health institution that he had the Relator committed to to surrender the Relator's mental health records to the court for review, and for the expressed effort in seeing a just findings and conclusions was rendered to this Court in the resolve of the Relator's claims in his brief for writ of habeas corpus.

## STATEMENT OF JURISDICTION

Pursuant to Tex. R. App. Proc. Rules 72; 78.1, 78.3 this Court has the jurisdiction to order the Respondent to use personal recollections of having the Relator Gilbert committed to a mental institution, and to issue an order to all other such institutions in which an order was issued by the court to commit the Relator for a court order mental evaluation and report, and to surrender all such records to the court for a proper and just findings and conclusions that is based on impartiallity.

## ISSUES PRESENTED

Issue 1: Judge Beacom abused his discretion when he stated that the Relator "showed no signs of mental illness to the court or to his trial counsel;"

2.

Issue 2: Judge Beacom abused his discretion as the "gate-keeper" of evidence, and had a responsibility to request and also present court documents, records of court ordered commitments (3 to 4 commitment orders in number) to Mental Health Mental Retardation Institutions;

Issue 3: Judge Beacom has acted in a partial way toward the Relators appeal, and with purpose to cause harm to the Relator, and to undermine the appellate process by impeding information of his personal recollection and records in the making of his findings and conclusions to the Court of Criminal Appeals order to the Respondent to have a hearing on the competency or mental health of the Relator.

## STATEMENT OF FACTS

Relator Cheeko Gilbert, was charged by the State in the underlying proceeding for the offense of aggravated assault with a deadly weapon. A jury found the Relator guilty and sentenced him to forty (40) years in the Texas Department of Criminal Justice – Correctional Institutional Division (TOCJ-CID).

On February 19, 2009 and after being found guilty the Relator filed a timely notice of appeal; the Fifth District

3.

Court of Appeals affirmed his conviction; (Gilbert v. State No. 05-08-00482-CR, delivered February 17, 2009).

On appeal, and foregone before this Court, the Relator contended that his trial counsel failed to present mitigating evidence of his mental health disorder, and to request that a psychiatrist be appointed to present mitigating evidence; and failing to request that a medical expert be appointed to present evidence of the Relator's mental and physical disabilities, inter alia. (See Per Curiam Order, page 1-2).

On January 27, 2010 this Court in a per curiam order stated that the Relator has alleged facts that, if true, might entitle him to relief, and that the circumstances requires that additional facts were needed, and that the trial court was the proper forum for findings of fact, further more, this Court stated that the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07 §3(d) and that in this case, the trial court may rely on its personal recollection. (See Per Curiam Order page 2). Finally in the per curiam order this court of criminal appeals stated that if the trial court elects to hold a hearing, it shall determine whether Relator Gilbert was indigent. If Relator was in fact indigent, and wishes to be represented by counsel, the trial court shall appoint an attorney to represent the Relator, in the hearing on his habeas corpus claims, Tex. Code Crim. Proc. art. 26.04. Then the trial court shall make a findings of fact as to whether the

4.

performance of the Relator's trial attorney was deficient, and, if so, whether counsel's deficient performance prejudiced the Relator's trial, and that the trial Court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of the Relator's claims for habeas corpus relief.

## JUDICIAL NOTICE ON APPEAL.

Although that same concern is expressed in some post-Rules cases, appellate courts frequently take judicial notice of adjudicative facts presented for the first time on appeal. See Routier 273 Sw3d 241, 244.

("[T]he question is whether an appellat court should take judicial notice of an adjudicative fact when the underlying data or materials in support of that notice are presented for the first time in that court should be a matter of the appellate Court's discretion, never mandatory.

Judicial notice on appeal should be taken, if at all "where necessary to avoid an unjust judgment". Goode, Wellborn & Sharlot, supra, citing Sparkman v. Maxwell 519 Sw2d 852, 855 (Tex. 1975). See Watkins 245 Sw3d 444, 456 (Tex. Crim. App. 2008).

Relator Gilbert request that this Court take judicial notice in this matter of the request for the issuance of a writ of mandamus, primarily because the Relator has been prejudiced

5.

On appeal by the trial judge; Judge Beacom knew that he had on at least one occasion had the Relator committed to a State Mental Health Institution for evaluation, and therefore having knowledge of other court ordered commitments, as this was an abuse of discretion by the trial court (Respondent), it also was harmful to the Relator's appellate process, because as the judge was instructed by this Court to resolve the matter by using his own recollection, the Respondent failed to do so by calling forth the Relator's records, and a expert mental health examiner to adequately resolve the Relator's claim. See Tex. R. Evid. Art. II, Rule 201; Tex. Code Crim. Proc. art. 46B.021 and 46C.101; Tex. R. Evid. Rule 510 (a) (1)(B) & 510 (d)(4). (See Tab C).

v.

## ARGUMENTS & AUTHORITIES

Issue 1: Judge Beacom abused his discretion when he stated that the Relator "showed no signs of mental illness to the court or to his trial counsel."

Mandamus is a extraordinary writ and its issuance is never a matter of right, but rests in the sound discretion of the Court. Dickens v. Second Court of Appeals 727 SW2d 542, 549 (Tex. Crim. App. 1987). A relator is eligible for mandamus relief only when they can establish two prerequisites first, that he has no other adequate remedy at law; and second, that under the relevant law and facts, the act he seeks to compel is "ministerial." Stotts v. Wisser 894 SW2d 366, 367 (Tex. Crim.

6.

App. 1995). See Smith v. Gohmert 962 SW2d 590, 592 (Tex. Crim. App. 1998).

We have described the "ministerial act" requirement as a require-ment that the relator have "a clear right to the relief sought" meaning that the merits are "beyond dispute" with nothing left to the exercise of discretion or judgment. See State Ex Rel. Rosenthal v. Poe 98 SW3d 194, 198 (Tex. Crim App. 2003).

The act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." Buntion 827 SW2d at 949. See Hill v. Court of Appeals for Fifth Dist. 34 SW3d at 929 (Tex. Crim. App. 2001).

Relator Gilbert seeks to have this Court to order the Respon-dent to submit to an additional order from this Court, because the Respondent abused his discretion in which he failed to use his recollection of ordering the Relator committed to a mental health institution, consequently the Relator was denied the evidence by the Respondent to substantiate his claim on appeal in regards to his mental health condition. (See Tab B & C)

The Relator has no other remedy in which to have the Respon-dent carry out this ministerial act, and seeks to have an ad-ditional order issued from this Court of criminal appeal to order the Respondent to provided this Court with his adequate recol-lection of his court ordered commitment of the Relator to

7.

State mental health institution, and to subpoena all other court ordered State mental health institution commitments and to order a professional expert mental health evaluation and explanation of those State mental health institutional diagnosis, pursuant to Texas R. Evid. Art. 5, Rules 510(b); Tex. Code Crim. Proc. art. 46B.007 (defendant's statements during a court ordered competency examination may not be used as evidence against him in any criminal proceeding other than at a trial on his incompetency or a proceeding in which he first introduces such statements), and that the Respondent have the Relator returned to his court for a hearing and psychological or psychiatric evaluation by a professional mental health expert, and to allow the Relator to hire an attorney to represent him and to protect his rights to a just and impartial resolution of the facts and evidence in this matter. (See Tabs B & C)

Issue 2: Judge Beacom abused his discretion as the "gate keeper" of evidence, and had a responsibility to request and also present court documents, records of court ordered commitments (3 to 4 commitments in number) to State mental health mental retardation institutions.

This "gatekeeping" function of the judge has been discussed most thoroughly in the area of determining the admissibility of scientific expertise under Federal Rule 702. Id at 536 no.22. In Daubert v. Merrell Dow Pharmaceuticals the U.S. Supreme Court articulated a "gatekeeping" function for the trial

8.

judge under Federal Rule 104(a) because the judge must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). See Ford v. State 305 S.W.3d 530; 535-36 (Tex. Crim. App. 2009). Texas Courts have similarly adopted the gatekeeping role under Texas Rule 104(a). See Hartman v. State 946 SW2d 60, 62 (Tex. Crim. App. 1997) (trial judge acts as a "gatekeeper" to ensure that scientific testimony is not only relevant but also reliable).

A substantial right is affected when the error has a "substantial and injurious effect or influence in determining the jury's verdict. Kotteakos v. United States 328 U.S. 750, 776 (1946); accord United States v. Dominquez Benitez, 542 U.S. 74, 81 (2004); See also Walter 247 SW3d at 218.

The Respondent had already prejudiced the Relator at trial when he knew that he had been one of the judges that had the Relator committed to a ~~State~~ mental health institution, and thus should had recused himself from the trial. In a hearing for an alleged perjury offense another judge who was quite possibly one of the judges that had the Relator committed to a state mental health institution stated that the Relator was incompetent to stand trial for the offense; in considering the former judge's decision that the Relator was incompetent to stand trial how could ~~the~~ the Respondent in a much more serious offense determine that the Relator was competent and "showed no signs of mental illness" to the court nor his trial counsel? Did the standard of jurisprudence stop at the Respon-

9.

dent's Court or take a day off? (See Tab C)

We have described the "ministerial act" requirement as a requirement that the relator have "a clear right to the relief sought" meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." See Ex Rel. Rosenthal v. Poe 98 Sw3d 194, 198 (Tex Crim App 2003).

... [In] the separation of powers doctrine and Article II of the United States Constitution, would have to yield in the face of the fundamental need, on the part of both the prosecution and the defense, to develop all facts in an adversarial system of criminal justice. See United States v. Nixon, 418 U.S. 683, 94 S.Ct, 3090, 41 L.Ed.2d 1039 (1974). As the Supreme Court explained in Nixon:

> [T]he ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, ...

See State Ex Rel. Healey v. McMeans 884 Sw2d 772, 775 (Tex. Cr. App. 1994)

This Court should grant this writ because the act in which

10.

he seeks this Court to order the Respondent to do is a ministerial act, and one that this Court had previously ordered the Respondent Judge Beacom to do, and he did render a findings and conclusions in the Relator's Claims for relief, however in so doing the Judge Beacom abused his discretion by failing to present evidence that was relevant to the claim of being incompetent and thus creating mitigating circumstances in which the Relator was threatened with another onslaught from his alleged victim, who was actually the Relator's assaulant.

Issue 3: Judge Beacom has acted in a partial way toward the Relator's appeal, and with purpose to cause harm to the Relator, and to undermine the appellate process by impeding information of his personal recollection and records in the making of his findings and conclusions to the Court of Criminal Appeals order to the Respondent to have a hearing on the competency or mental health of the Relator.

Mandamus is an extraordinary remedy and is available only in limited circumstances of manifest and urgent necessity. See Holloway v. Fifth Court of Appeals 767 SW2d 680, 684 (Tex. 1989) (orig. proceeding). Thus, a writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy of law. Johnson v. Fourth Court of Appeals

16.12

700 SW2d 916, 917 (Tex. 1985). citing Kilroy v. Kilroy 137 SW2d 780, 784 (Tex. App. —Houston [1st Dist.] 2004).

Interference through the issuance of a mandamus is justified "when parties stand to lose their substantial rights." Walker v. Packer 827 SW2d 833, 842 (Tex. 1992) (orig. proceeding) (quoting Hey v. Hughes 158 Tex. 362, 311 SW2d 648, 652 (1958) (orig. proceeding). Id at Kilroy 137 SW3d at 784.

Tex. Code Crim. Proc. Ann., Art. 2.03 (b) states in pertinent part: "[I]t is the duty of the trial court, the attorney representing the accused, the attorney representing the state and all peace officers to so conduct themselves as to insure a fair trial for both the state and the defendant, not to impair the presumption of innocence, . . ." See Randle v. State 826 SW2d at 946 (Tex. Cr. App. 1992)

It is the law that a judge is to see that a person is not wrongfully convicted in a bifurcated hearing, it is the law that on an appeal that an appellate case be treated fairly and not prejudice or biasness. Judge Beacom denied the Relator his right to a fair and impartial appeal because of his error in not acknowledging at trial as he had knowledge of the Relator mental health issues, and yet when he came to the opportunity to correct his error he used his best recollection to once again to prejudice and harm the Relator. by not informing this Court that he had the Relator committed to a mental health institution.

12.P-13

To prevail upon a post-conviction writ of ~~habeas~~ habeas corpus bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. Ex Parte Morrow 952 SW2d 530, 539 (Tex. Crim. App. 1997); Ex Parte Thomas 906 SW2d 22, 24 (Tex. Crim App. 1995); Ex Parte Kimes 872 SW2d 700, 703 (Tex. Crim App. 1993); 768 SW2d 281, 287-88 (Tex. Crim. App. 1989); Ex Parte Maldonado 688 SW2d 114, 116 (Tex. Crim App. 1985). See Ex Parte Richardson 70 SW3d 865, 870 (Tex. Crim App. 2002).

[] ... suppressed exculpatory evidence and thereby violated his right to due process, (Brody v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); applicant must satisfy a three pronged test. Kimes 872 SW2d at 702-03 (Citing United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 1985).

This Court will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely "ministerial" and that relator has no other adequate legal remedy. See Hill v. Fifth Court of Appeals. 34 SW3d 924, 927-28 (Tex. Crim. App. 2001)

Relator Gilbert has previously filed a writ of habeas corpus art. 11.07 and this Court ordered the Respondent to make a findings and conclusions on the claim of being incom—

13.

petent and/or having a mental health condition; the Respondent gave this Court erroneous information about the Relator's mental condition, therefore giving this Court the impression that the Relator was and is a normal individual when he isn't, the Respondent had the Relator committed to a mental health institution, and therefore knew that the Relator was not competent to stand-trial, nevertheless he (Judge Beacom) submitted to this Court a findings and conclusions that the Relator showed no mental health or incompetent condition to himself nor the Relator's trial counsel. (See Tabs B-C)

Evidence is "relevant" if it has any tendency to make the existence of "any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID 401. We review the trial court's decision to admit evidence under an abuse of discretion standard. Salazar 38 SW3d at 151; Moreno 22 SW3d at 487. We will reverse the trial judge's decision only if it is outside of the zone of reasonable disagreement. Id. See Resendiz v. State 112 SW3d 541, 546 (Tex. Crim. App. 2003). (See Tabs A-C)

# PRAYER

For these reasons, Relator asks that this Court grant this writ of mandamus directing Judge Beacom to

14.

vacate his former findings and conclusions rendered to this Court, and to order Judge Beacom to surrender all records of the expert doctor's decision of the Relator's competency and in accordance with the Tex. R. Evid. and the evidence submitted in this writ of mandamus.

_Checko Gilbert_
Checko Gilbert


# CERTIFICATE OF SERVICE

I certify that a copy of the Relator's Petition for Writ of Mandamus has been sent to the Honorable Judge Richard A. Beacom Jr., and by filing it with the Hunt County District Clerk, Stacy Landrum, at P.O. Box 1627, Greenville, Texas, 75403-1627, and by placing it in the U.S. Mailbox at the Allan B. Polunsky Unit, 3872 FM 350 South, Livingston, Texas 77351, on this the        day of February 2015.

_Checko Gilbert_
Checko Gilbert
TDCJ-CID No.
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

15.

WRIT NO. 73,076-01

IN RE CHEECKO GILBERT

Relator

---

## APPENDIX TO THE PETITION FOR WRIT OF MANDAMUS

Relator Gilbert, submits the following documents in support of the petition for writ of mandamus.

## LIST OF DOCUMENTS

1. Affidavit of Charles Anthony Allen . . . . . . Tab A

2. Psychiatric Evaluation by: Dr. Michael Pittman Tab B

3. Order from the Court of Criminal Appeals
   No. WR-73,076-01 . . . . . . . . . . . . Tab C

4. Affidavit of Frederick C. Shelton . . . . Tab D
   AND        moystomia Gilbert

5. Findings of Fact and Conclusions of Law by:
   Judge Richard A. Beacon Jr. . . . . . . . Tab C

16.

# TAB A

## AFFIDAVIT OF CHARLES ANTHONY ALLEN

# UNSWORN DECLARATION

I, Charles Anthony Allen Sr., TDCJ-CID NO. 1043550, am presently incarcerated in the Allan B. Polunsky Unit in Polk County, Texas. I declare under penalty of perjury that the facts stated in this document are true and correct. Pursuant to Tex. Civ. Prac. & Rem. Code Sect. 132.001.

I am the person that prepared this petition for writ of mandamus for the Relator, he provided me with the previous filed documents, e.g., Writ of habeas corpus; Court responses, state responses, orders from the court of criminal appeals, trial court response to the court of criminal appeals orders, and the trial and appellate counsels affidavits, and using his best recollection did I prepare his petition for writ of mandamus, and all other documents filed therein.

Executed on, 24        2005

_Charles Anthony Allen Sr._
Charles Anthony Allen Sr

TAB B

PSYCHIATRIC EVALUATION BY:
DR. MICHAEL PITTMAN M.D., P.A

# Michael Pittman, M.D., P.A.
## Forensic & General Psychiatry

*Judge Bench*

FILED

2014 JAN -7 AM 7:58

STACEY LANDRUM
DISTRICT CLERK HUNT CO. TX

BY_____DEPUTY

December 24, 2013

Honorable Robert Beacom Jr.
In the District Court of
Hunt County, Texas
354th Judicial District Court
P.O. Box 441
Greenville, Tx. 75403-0441

Re: Cheecko Gilbert
Cause# 28,941

Dear Judge Beacom Jr.,

At your request I examined the above-named individual regarding his competency to stand trial. The evaluation took place at the Hunt County Jail on 12/12/13.

Attached is my evaluation. I hope this information is helpful to you. Thank you for involving me in this case. If I can be of further assistance please do not hesitate to write or call.

Sincerely,

Michael Pittman, M.D.
MP/cje

9400 MacArthur Blvd. • Suite 124-606 • Irving, Texas 75063 • (214) 631-3663 • Fax (469) 384-3917

# PSYCHIATRIC EVALUATION

Re:      Cheecko Gilbert
Cause#:  30850

## CONSENT TO EXAMINATION:

Prior to examining Mr. Gilbert I explained to him the purpose of the examination. I told him that I would be making a report to the court and that I might be asked to testify.

## EXAMINATION:

Mr. Gilbert was examined at the Hunt County Jail on 12/12/13 for about five minutes; he angrily terminated the interview, though I observed him for a bit, thereafter. I also reviewed my previous interview of 2/15/04, and I reviewed two criminal databases. I was not able to speak with anyone in the community familiar with him.

## CONCLUSIONS:

In my opinion Mr. Gilbert does not have a sufficient present ability to understand the proceedings against him. He is also not capable of cooperating with his attorney in formulating a defense with a reasonable degree of rational understanding. In my opinion, Mr. Gilbert has a severe mental illness, paranoid schizophrenia, rendering him incompetent to stand trial. I do believe that he will regain competency in the foreseeable future.

Mr. Gilbert's disordered thought processes, apparently delusions, preoccupation with these, lack of regard for his current situation, and irrational behavior make it not possible for him to cooperate with his counsel, understand legal process, understand the adversarial nature of the courtroom, testify, appreciate the possible consequences of his charges, and make rational choices in his defense. I recommend inpatient competency restoration services.

## HISTORY:

Mr. Gilbert was too impaired to give a history; according to my previous report, he was born and reared in Greenville, Texas one of six children. His father was a custodian, and his mother was a dietician at Presbyterian Hospital. Mr. Gilbert has reported that he had a good childhood, but he dropped out of Greenville High School in the eleventh grade as he had too few credits. He has claimed that he entered the "US Seals" and served in Vietnam, that he had developed "DPS" while serving and was awarded a disability pension. At that time, he further claimed to major in "Biography" at ETSU.

In any event, he returned to Greenville and he claimed he began hallucinating. In my 2004 evaluation, I noted that MHMR records show outpatient and inpatient treatment for paranoid schizophrenia with a variety of medicines; Mr. Gilbert also had many legal problems, and he has spent much time in County and State custody.

In my current interview Mr. Gilbert yelled about a conspiracy and "falsified documents" in 2008 that had something to do with an alleged assault, and he soon angrily terminated the interview. He did ramble loudly about something have something having complete standing, but he stormed out before I could figure out what he was talking about.

MENTAL STATUS EXAMINATION:

Mr. Gilbert was an African-American man who appeared about his stated age of fifty-seven years. His grooming was indifferent. Mr. Gilbert's mood was one of marked anger; his emotional reactivity was labile.

Mr. Gilbert was alert and questionably oriented. His memory and attention span seemed impaired.

Examination of Mr. Gilbert's thought content revealed the material noted above. His thought processes were illogical and not goal-directed.

Mr. Gilbert was not able to explain to me the various roles of courtroom personnel. He also did not seem capable of cooperating with his attorney in formulating a defense with a reasonable degree of rational understanding. In short, the examination indicated that Mr. Gilbert was not competent to stand trial.

Michael Pittman, M.D.
MP/cjc

DUPLICATE

Form 633-Physician's Certificate of Medical Examination for Mental Illness

No. __30850__

THE STATE OF TEXAS
FOR THE BEST INTEREST
AND PROTECTION OF

Cheecko Gilbert
_____

## PHYSICIAN'S CERTIFICATE OF MEDICAL EXAMINATION
### FOR MENTAL ILLNESS

I, the undersigned, a person licensed to practice medicine in the State of Texas, or person employed by an agency of the United States having a license to practice medicine in any state of the United States, do hereby certify to wit:

1. That my name and address is _Michael Pittman, M.D.  9400 MacArthur Blvd, Suite 124-606 Irving, TX 75063_.

2. That on the __12 th__ day of __December__, 20 __13__, at the following location: __Hunt County Jail__, I evaluated and examined

__Cheecko Gilbert__, hereafter called "Patient."

3. The Patient, whose address is __Hunt County Jail, Greenville, TX__ _____ has been under my care for the following, if any, period of time: __none__ .

4. A brief diagnosis of the physical and mental condition of the Patient on said date is: __paranoid schizophrenia__

5. An accurate description of the mental health treatment, if any, given by me or administered under my direction is as follows: __None--evaluation only__

6. That I am of the opinion that the Patient is mentally ill, and that as a result of that illness the Patient is likely to cause serious harm to self or others, or both self and others, or will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether of not to submit to treatment; and the detailed basis for this opinion is as follows:

__See Addendum__

DUPLICATE

7.(NOTE: COMPLETE THIS ITEM ONLY IF THIS CERTIFICATE IS TO BE OFFERED IN SUPPORT OF A MOTION FOR AN OPC.)

That I am further of the opinion that the Patient presents a substantial risk of serious harm to self or others if not immediately restrained, the detailed basis for this opinion being:

_____

_____

_____


8.(NOTE: COMPLETE THIS ITEM ONLY IF THIS CERTIFICATE IS TO BE OFFERED IN SUPPORT OF COURT-ORDERED EXTENDED MENTAL HEALTH SERVICES OR A RENEWAL OF SAME.)

That I am additionally of the opinion that the Patient's condition, as set out in item 6 above, is expected to continue for more than 90 days, the detailed basis for this opinion being:

_____

_____

_____


Signed and dated this the ____23 rd____ day of_____December_____, 20_____13____.

_____

Examining Physician


Sworn to and subscribed before me, this the _____ day of _____ ,20


_____

Notary Public, _____ County, Texas

Physicians Certificate of Examination

Form 633A--Physician's Certificate Of Medical Examination for Mental Illness--Addendum.

NAME ___Cheecko Gilbert___

AGE___57___ RACE: ___B___ SEX: ___M___ DOB: ___1/13/1956___

1. On or about___12/12/2013___the above named person said the following:
   Date

a. Yelled angrily and loosely about a conspiracy.

b. That something was or had standing.

c. _____

2. On or about___12/12/2013___the above named person committed the following acts:
   Date

a. Angrily stormed out of the interview room after a short time.

b. _____

c. _____

DUPLICATE

3. The Mental Status Examination reveals the following:

a. Paranoia. Disordered thought processes.

b. Angry mood.

c. Labile affect.

4. Comments:
a.     In my 2004 interview I noted a confirmed history of treatment by MHMR for

b.     paranoid schizophrenia.

c. _____

5. The number of previous psychiatric hospitalizations ___multiple___

6. Items #1 and #2 were taken from the medical history as reported by the applicant or other observer.

Date: ___12/23/2013___

Name of Person(s) Completing This Form _____
                        Michael Pittman, MD

# TAB C

ORDER FROM THE COURT OF CRIMINAL APPEALS
NO. WR-73,076-01

Scanned May 11, 2011

AT ___ FILED ___ A.M.

FEB 0 1 2010

CLERK, DISTRICT COURT, HUNT CO. TX



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-73,076-01

### EX PARTE CHEECKO GILBERT, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 24,509 IN THE 354TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam.*

### ORDER

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to forty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. (*Gilbert v. State*, No. 05-08-00482-CR, delivered February 17, 2009).

Applicant contends that his trial counsel rendered ineffective assistance by failing to prepare a defense, failing to have a trial strategy, failing to request a pre-trial psychiatric examination, failing to present mitigating evidence of Applicant's mental disorder, failing to request that a psychiatrist

000002

be appointed to present mitigating evidence, failing to request that a medical expert be appointed to present evidence of Applicant's physical disabilities, failing to request that an expert be appointed to refute the testimony of the State's expert, allowing Applicant to plead to a fundamentally defective indictment, failing to call an eyewitness for the defense who would corroborate Applicant's version of events, and failing to uphold Applicant's right to a fair and impartial jury.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 608 (1984); *Ex parte Lemke*, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the

000003

Scanned May 11, 2011

order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 27, 2010
Do not publish

# TAB C

AFFIDAVIT OF FREDERICK C. SHELTON

AND

MOYSTOMIA GILBERT

# AFFIDIVAT

To Whom It May Concern:

   This is a statement from <u>Moystomia Gilbert</u> that I informed Mr.Cheecko Gilbert Attorney <u>Mr. Frederick C. Shelton</u> numerous of times before Mr.Gilbert trail also, doing his trail of his mental condition. Mr.Shelton would not and did not present this information in his defends even after, being told numerous of times. The transcript of the trail will also, indicate that Mr.Shelton did not even put up a mirror of a defends for Mr.Gilbert.

Date:<u>August 6, 2014</u>

Signed: _Moystomia Gilbert_

Notary of the Public: _____

EMILY NICHOLE THOMPSON
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
May 18, 2016

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

NO. WR-73,076-01

*AT FILED APR 27 2010 M CLERK, DISTRICT COURT, HUNT CO. TX*

AFFADAVIT:

Response of Attorney Frederick C. Shelton to Inmate Cheecko Gilbert, Writ 05437

Mr. Gilbert always maintained that while he stabbed the victim, he acted in self defense, that the victim had on prior occasions accosted Mr. Gilbert, and on this specific occasion was assaulting Mr. Gilbert with a board and Mr. Gilbert was in fear of bodily injury.

Further Mr. Gilbert was rational and responsive to questions and advice as we discussed his case on numerous occasions. At no time did Mr. Gilbert appear irrational or raise a physiatrical claim as to competence to stand trial or to insanity at the time of the commission of the alleged offence.

At trial Mr. Gilbert's disability and veteran's service did come before the jury.

In regards to Mr. Gilbert's disability, I had been informed by my client that his disability was due to an injury on the job while Mr. Gilbert was a railroad employee.

Mr. Gilbert's theory of the case was always self defense. At trial Mr. Gilbert did testify that he did not intend to stab the victim. I had represented to Mr. Gilbert on many occasions that an accident was not self-defense. Mr. Gilbert maintained that it would be in his favor that the alleged victim was a Mexican and that the stabbing did not cause a serious bodily injury.

I had reviewed the medical records on numerous occasions with Mr. Gilbert so as to explain to him the seriousness of the incident, even that it was a life-threatening incident.

The scar and medical records speak for themselves. The jury understood that length of the scar was due to the surgery and heard testimony as to the appearance of the wound by the police office.

000005

Mr. Gilbert took the stand and answered the questions put to him, testified that he acted in self-defense, that he was in fear of his life and that Mr. Limas was determined to strike him with a board. His testimony was consistent with the theory of self-defense which he maintained from the very beginning of the case when I first interviewed him.

The only inconsistent statement at trial was that he did not intentionally stab the victim but that the victim lunged at him, stabbing himself, thus he was stabbed accidentally.

I had explained to Mr. Gilbert on numerous occasions that the theory of self-defense did not included stabbing by accident.

My investigation of witnesses failed to support Mr. Gilbert's statement of self-defense and I so informed him. I relayed to him the state's final offer of 10 years confinement in T.D.C

## SUMMARY

Mr. Gilbert was actively involved in his case and shown no signed of mental illnesses.

He was lucid and able to articulate to answer all questions put to him.

He maintained a theory of self-defense from the first time I interviewed him. In fact I was told by him that his disability check came from an accident on the railroad.

The only surprise I received was after going over his testimony with him on numerous occasions, he took the stand and said the victim lunged at him, thus he was accidently stabbed.

Respectfully submitted,

Frederick C. Shelton
Attorney at Law
Bar No.: 18211300

**SUBSCRIBED AND SWORN TO BEFORE ME** on March 29, 2010, to certify which witness my hand and seal of office.



PATSY CABINESS
Notary Public, State of Texas
My Commission Expires
August 23, 2013

Notary Public, State of Texas

**000006**

# T A B C

FINDINGS OF FACT AND CONCLUSIONS OF LAW
BY: JUDGE RICHARD A. BEACON JR.

Scanned May 11, 2011

## WRIT NO. 73,076-01

| | | |
|---|---|---|
| EX PARTE CHEEKO GILBERT | § | IN THE DISTRICT COURT |
| | § | 354TH JUDICIAL DISTRICT |
| | § | OF HUNT COUNTY, TEXAS |

(ON APPLICATION FOR A WRIT OF HABEAS CORPUS;

CAUSE NO. 24,509 IN THE 354TH;

TEXAS COURT OF CRIMINAL APPEALS NO. WR-73,076-01)


### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 19, 2009, this Court presided over the jury trial and subsequent

sentencing hearing before this court on February 20, 2009. This court received an

order from the Texas Court of Criminal Appeals to determine and solve factual

issues necessary for a determination of the issues raised by petitioner. Therefore,

this Court makes the following Findings of Facts and Conclusions of Law:

*Findings of Fact*

1.  The applicant, Cheecko Gilbert, was indicted and convicted of the

    felony offense of aggravated assault with a deadly weapon in cause no.

    24,509 in the 354th Judicial District Court of Hunt County, Texas.


Findings of Facts and Conclusions of Law                    Page 1 of 5


000007

2. The applicant was represented during trial by counsel Frederick Shelton.

3. On February 19, 2009, the jury convicted applicant and assessed punishment at forty years incarceration in TDCJID.

4. The Fifth District Court of Appeals of Texas at Dallas affirmed applicant's conviction in an unpublished opinion delivered February 17, 2009.

5. The applicant's trial counsel, FrederickShelton, is a credible person.

6. The applicant was actively involved in his case.

7. The applicant's trial counsel discussed the case on numerous occasions with the applicant.

8. The applicant showed no signs of mental illness to the Court or to his trial counsel.

9. The applicant's trial counsel performed an adequate investigation of the case.

10. The applicant's trial counsel produced witnesses for the applicant.

11. The applicant's trail counsel obtained a ten year TDCJID plea offer from the State prior to trial.

12. The applicant testified inconsistently.

Findings of Facts and Conclusions of Law                    Page 2 of 5

000008

13. The applicant denied intentionally stabbing the victim.

14. The applicant testified that he acted in selfdefense by accidentally stabbing the victim.

15. The applicant testified lucidly and was able to articulately answer questions posed to him.

16. The victim and his medical records demonstrated his bodily injury.

17. The applicant testified and admitted to causing the victim's injuries.

18. The applicant's trial counsel investigated the applicant's disability and determined that applicant received a disability check for an accident that happened on the railroad.

*Conclusions of Law*

1. The applicant fails to show deficient performance, much less harm, based on the following allegations of ineffective assistance of counsel: (a) by failing to prepare a defense; (b) failing to have a trial strategy; (c) failing to request a pretrial psychiatric examination; (d) failing to present mitigating evidence of Applicant's mental disorder; (e) failing to request that a psychiatrist be appointed to presentmitigating evidence; (f) failing to request that a medical expert be appointed to present evidence of Applicant's physical disabilities; (g) failing to

Findings of Facts and Conclusions of Law                    Page 3 of 5

request that an expert be appointed to refute the testimony of the State's expert; (h) allowing Applicant to plead to a fundamentally defective indictment; (i) failing to call an eyewitness for the defense who would corroborate Applicant's version of the events; and (j) failing to uphold Applicant's right to a fair and impartial jury. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

2. The applicant fails to show that he received ineffective assistance of counsel, in violation of U.S. CONST. amends. VI, VIII, and XIV and TEX. CONST. art. I, §§ 10, 13, and 19.

3. The applicant's trial counsel rendered effective assistance of counsel by preparing a defense.

4. The applicant's trial counsel rendered effective assistance of counsel by having a trial strategy.

5. The applicant's trial counsel rendered effective assistance of counsel by inquiring into Applicant's mental health.

6. The applicant's trial counsel rendered effective assistance of counsel by presenting mitigating evidence.

7. The applicant's trial counsel rendered effective assistance of counsel by calling witnesses to rebut the State's case.

000010

8. The applicant's trial counsel rendered effective assistance of counsel by allowing Applicant to plead not guilty to the indictment.

9. The indictment was not fundamentally defective.

10. The applicant's trial counsel upheld the applicant's right to a fair and impartial jury trial.

The above findings of fact and conclusions are hereby entered in this cause.

SIGNED this the 27 day of April, 2010.

HONORABLE RICHARD A. BEACOM, JR.
JUDGE, 354TH JUDICIAL DISTRICT COURT
HUNT COUNTY, TEXAS

Scanned May 11, 2011

TRIAL COURT CAUSE NO. 24509

THE STATE OF TEXAS )

COUNTY OF HUNT )

    I, Stacey Landrum, Clerk of the 354th District Court of Hunt County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

    GIVEN UNDER MY HAND AND SEAL at my office in Greenville, Hunt County, Texas this 27 April 2010.

STACEY LANDRUM, District Clerk

By_____

Cindy Meyer, Deputy Clerk

000012